996 F.2d 1217
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard Lee SMITH, Plaintiff-Appellant,
v.
Wendee JONES, R.N., Defendant-Appellee.
 No. 93-1310.
 United States Court of Appeals, Sixth Circuit.
 June 28, 1993.
 
 Before KENNEDY and NORRIS, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Richard Lee Smith, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and injunctive relief, Smith sued Jones, a nurse at the Ionia Correctional Facility, in her official capacity. He alleged that she violated his Eighth Amendment rights based upon the manner in which she treated him for his back pain. He also alleged that his medical records have been wrongfully reviewed by non-medical personnel at the prison, thus violating his right to privacy.
 
 
 3
 The district court granted the defendant's motion for summary judgment and dismissed the case. Smith filed a motion to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e), which the district court denied. On appeal Smith continues to argue that the medical treatment he received for his back pain violated his Eighth Amendment rights. He does not raise the issue concerning his medical records.
 
 
 4
 Upon review, we affirm the district court's judgment because there is no genuine issue of material fact and the defendant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 5
 Smith has not demonstrated that the defendant was deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A prisoner complaining of medical treatment received, must establish more than mere negligence or ordinary lack of due care. See Whitley v. Albers, 475 U.S. 312, 319 (1986). At most, Smith has alleged a difference of opinion regarding how he should have initially been treated for his back pain. However, a difference of opinion regarding treatment is insufficient to state a claim under the Eighth Amendment. See Estelle, 429 U.S. at 107.
 
 
 6
 On appeal, Smith has failed to raise his claim that unauthorized prison personnel have, on occasion, wrongfully read his medical files. Because he has abandoned this claim on appeal, it is not reviewable. McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 7
 To the extent that Smith seeks monetary damages against the defendant in her official capacity, the suit was properly dismissed because state officials sued in their official capacity are not subject to suit for monetary damages under 42 U.S.C. § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).
 
 
 8
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.